## Fahey v. Philadelphia Transportation Co.

*Louis S. Fine,* for plaintiffs.

*James L. Stern,* for defendant.

ALESSANDRONI, P. J., October 31, 1958.—Plaintiffs' action in trespass arose out of an accident which occurred on February 21, 1957; wife-plaintiff was injured while she was a passenger on one of defendant's buses. On the following day, wife-plaintiff gave and signed a written statement to an investigator employed by defendant. The complaint in trespass was filed in January 1958, approximately 11 months after the action accrued; defendant answered.

Defendant propounded interrogatories to plaintiffs. The interrogatories were not answered because as a prior condition plaintiffs demanded a copy of wife-plaintiff's statement to defendant's employe.

Plaintiffs have filed a motion for an order compelling defendant to produce the statement.

Defendant's refusal is based on the provision of Pa. R. C. P. 4011(d); this rule prohibits discovery which would disclose the existence or location of documents, reports, etc., made or secured in anticipation of litiga-

tion or which would obtain any such documents, reports, etc., from a party, person or agent or any of them.

"Anticipation of litigation" in the provision of rule 4011 (d) is a broad concept. The statement of wife-plaintiff after the accrual of the cause of action must certainly be considered to be within the provisions of the rule. We encounter here the all too frequent cat-and-mouse game and sparring for tactical position. On the one hand, plaintiff knows or should know how the accident happened and presumably gave a true statement of the occurrence. Thus there being but one true version of the accident, she cannot be in doubt as to the simple details. What purpose would be served by demanding a copy of the statement she gave defendant's agent? On the other hand, how could defendant be prejudiced by furnishing plaintiff with a copy? Indeed, it might be helpful to defendant in such cases to leave a copy with the declarant not only as an act of good faith but as well to keep plaintiff informed exactly of what she said, when the facts should be clear in her mind.

Our view coincides with the observation of Judge Montgomery in Perkins v. Pittsburgh Railways Co., 6 D. & C. 2d 655, 656: "Otherwise, it would appear that defendant's motive is not to obtain aid in the preparation of its case but rather to place plaintiff in an unfavorable tactical position."

However reluctantly, we feel bound by the plain language of the rules. Plaintiff's statement was clearly secured in "anticipation of litigation". Perkins v. Pittsburgh Railways Co., supra, is distinguishable on its facts.

### Order

And now, to wit, October 31, 1958, plaintiffs' motion to compel defendant to produce wife-plaintiff's statement is dismissed.